UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:25-CR-00071-KKC-MAS

UNITED STATES OF AMERICA                                              PLAINTIFF

V.                          PLEA AGREEMENT

JESSICA SPRING DEATON                                                 DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 5 of the Indictment, charging a violation of 18 U.S.C. § 1920, false statement to obtain Federal employees' compensation. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Counts 1 through 4 and Counts 6 through 8. Pursuant to Rule 11(c)(1)(A), the United States will not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement.

2. The essential elements of Count 5 or 18 U.S.C. § 1920 are:

    (a) The defendant knowingly and willfully falsified, concealed, or covered up a material fact, or made a false fictitious, or fraudulent statement or representation;

    (b) The defendant did so in connection with the application for or receipt of compensation or other benefit or payment under the Federal Employee's Compensation Act; and

    (c) The defendant falsely received benefits in excess of $1,000 by submitting the false statement to the Department of Labor.

3. As to Count 5, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

    (a) The United States Postal Service (USPS) is a federal government agency, whose mission is to provide the nation with reliable, affordable, universal mail service.

    (b) The Federal Employees' Compensation Act (FECA) provides workers' compensation coverage for employment-related injuries of federal workers. The Department of Labor (DOL), Office of Workers' Compensation Program (OWCP) manages FECA. Federal government employees, including those employed by USPS, who were injured at work, are eligible to apply for workers compensation by filing a FECA claim. DOL pay out claims to disabled USPS employees and seeks reimbursement from USPS.

    (c) After OWCP approves an initial workers' compensation claim, claimants are required to complete and submit Form CA-1032 on a yearly basis. Form CA-1032 is used to determine whether the claimant was entitled to continue to receive workers' compensation benefits or whether the benefits should be adjusted. Form CA-1032 requires claimants to answer questions about their employment activities covering the 15 months prior to the completion of the form. Specifically, Form CA-1032 asks claimants if they were "self-employed or involved in any business enterprise in the past 15 months?" and if they "perform[ed] any volunteer work including volunteer work for which ANY FORM of monetary or in-kind compensation was received?" Claimants sign Form CA-1032 and certify that all statements made on the form are true, complete, and correct.

    (d) At all relevant times, the Defendant was a resident of Montgomery County, Kentucky, in the Eastern District of Kentucky.

    (e) On March 17, 2007, the Defendant began working as a Rural Carrier for the USPS. On April 14, 2010, the Defendant filed a claim for workers' compensation with OWCP, claiming that she injured herself while working as a postal carrier and could no longer work. On June 10, 2010, OWCP approved the Defendant's claim for workers' compensation and began issuing payments.

    (f) Starting on May 30, 2011, the Defendant completed, signed, and submitted a Form CA-1032 to OWCP on a yearly basis. On each Form CA-1032, she falsely stated that she was not self-employed or involved in any business enterprise or performed any volunteer work for the 15 months prior to the date she signed the form.

    (g) However, during this time, the Defendant was self-employed in a residential rental business enterprise called Deaton Family Rental LLC. Among other things, the Defendant managed approximately 12 properties, served as the point of contact for her tenants, showed rental properties to prospective tenants, collected rent from tenants, and arranged repairs for tenants on the properties. She collected and deposited rental checks into her joint bank account with her husband.

    (h) Specifically as to Count 5, on June 9, 2020, the Defendant knowingly and willfully falsely stated on Form CA-1032 that she was not self-employed or involved in any business enterprise or performed any volunteer work for the 15 months prior to the date she signed the form. These false statements were material. As a result of the Defendant's false statements, she obtained benefits in excess of $1,000.

    (i) The Defendant made similar false statements on her annual Form CA-1032 each year from 2011 through 2023. As a result, the Defendant received FECA workers' compensation benefit payments totaling $387,318.05 to which she was not entitled.

4. The statutory punishment for Count 5 is imprisonment for not more than 5 years, a fine of not more than $250,000 or twice the gross gain or twice the gross loss, and a term of supervised release of not more than 1 year. A mandatory special assessment of $100 applies per count, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court:

(a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2025, manual, will determine the Defendant's guidelines range.

(b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes the conduct summarized in Paragraph 3, above, as well as in the provided discovery.

(c) Pursuant to U.S.S.G. § 2B1.1(a)(1), the base offense level is 6.

(d) Pursuant to U.S.S.G. § 2B1.1(b)(1)(G), increase the offense level by 12 levels for a loss amount greater than $250,000 but less than $550,000.

(e) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

(f) Pursuant to U.S.S.G. § 5E1.1, restitution is at least $387,318.05, and the victim is the Department of Labor, Office of Workers' Compensation Programs.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8. The United States agrees to recommend a sentence of probation that includes a condition or combination of conditions that substitute intermittent confinement or home detention for imprisonment.

9. The Defendant waives the right to appeal the guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

10. The United States will recommend releasing the Defendant on the current conditions for future court appearances if the Defendant does not violate the terms of the order setting conditions of release.

11. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

12. The Defendant agrees to pay restitution in an amount not less than $387,318.05 to the Department of Labor, Office of Workers' Compensation Programs, pursuant to 18 U.S.C. § 3663(a)(3). The Defendant agrees that the restitution amount may include restitution for all losses caused by the Defendant's criminal conduct or through the commission of the offense of conviction, even if such losses resulted from crimes not charged or admitted by Defendant in the factual basis.

13. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete, sign, and return to the United States Attorney's Office a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this

plea agreement. Upon request, the Defendant agrees to provide the United States Attorney's Office with records verifying her financial information or with any releases required to obtain such records, with such releases being valid for a period extending 90 days from the date of sentencing. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. Prior to sentencing, the Defendant agrees to notify the United States Attorney's Office and obtain its consent before transferring, encumbering, or disposing of any interest in property with a value exceeding $1,000.00 owned or controlled directly or indirectly, individually or jointly, by the Defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The Defendant agrees to notify the United States Attorney's Office of any material changes in her economic circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

14. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable

immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613. The Defendant expressly authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court. The Defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

15. By no later than ten days prior to sentencing, the Defendant agrees to pay at least $30,000, by certified check or money order made payable to the "Clerk, U.S. District Court" to be deposited into the Court registry until the date of sentencing and, thereafter, to be applied to satisfy the financial obligations of the Defendant, pursuant to the judgment of the Court.

16. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

17. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

18. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

19. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

PAUL C. MCCAFFREY
FIRST ASSISTANT
UNITED STATES ATTORNEY

Date: 2/9/2026       By: _____
                         Paul C. McCaffrey
                         First Assistant United States Attorney

Date: 02/06/2026     _____
                         Jessica Spring Deaton
                         Defendant

Date: 02/09/2026

_____
Nicholas Nash
Attorney for Defendant